IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JACQUES COOK,** | CASE NO. 1:22 CV 1434 |
| Plaintiff, | |
| v. | JUDGE CHARLES E. FLEMING |
| **UNITED STATES POSTAL SERVICE,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

**INTRODUCTION**

*Pro se* plaintiff Jacques Cook filed an action against the United States Postal Service ("USPS") (ECF No. 1-1) in the Cuyahoga County Court of Common Pleas, Case No. CV-22-965928, alleging defamation and libel in connection with the processing of a money order. Defendant removed the action to federal court and filed a motion to dismiss (ECF No. 8). The motion is unopposed.

Plaintiff's complaint consists of one brief paragraph in which he alleges that employees of the USPS defamed and committed libel against him when he attempted to cash a money order that he purchased from the USPS. He also alleges that the USPS employees claimed the money order was fraudulent. The complaint contains no request for relief.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for the dismissal of claims when the claimant has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under this rule, the function of the Court is to test the legal sufficiency of the complaint. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). And in reviewing the complaint, the Court must construe the pleading in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Legal conclusions and unwarranted factual inferences, however, are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (explaining that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation.").

Additionally, courts must read Rule 12(b)(6) in conjunction with Federal Civil Procedure Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (citing Twombly, 550 U.S. at 596). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions" or a

"formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Factual allegations "must be enough to raise a right to relief above the speculative level." *Id.*

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). And the Court holds a *pro se* complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines*, 404 U.S. at 520). The Court is not required, however, to conjure unpleaded facts or construct claims on a plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

## DISCUSSION

The Westfall Act immunizes federal employees from liability for torts they commit when acting within the scope of their federal employment. 28 U.S.C. § 2679(b)(1). When a federal employee acts within the scope of his or her employment and commits a tort, any relief for that tort must be sought against the Government under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (the "FTCA"). The Federal Tort Claims Act provides the exclusive jurisdictional basis for tort claims against the United States and its employees for actions committed in the scope of their employment.

The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590–91 (1941). By enacting the FTCA, Congress waived the United States' sovereign immunity under very limited circumstances for claims against the federal government arising from torts committed by federal employees who are acting within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2679(d)(1); *United States v. Orleans*, 425 U.S. 807 (1976). Congress defined the exact terms and conditions upon which the

government may be sued, and the terms of the United States' consent define the parameters of federal court jurisdiction to entertain suits brought against the United States. *Orleans*, 425 U.S. at 814; *Honda v. Clark*, 386 U.S. 484, 501 (1967).

The parameters placed on these tort claims dictate that they "shall forever be barred unless . . . presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The timely filing of an administrative claim is a requirement of the FTCA. If the administrative requirements of the FTCA have not been fulfilled, the case must be dismissed for lack of jurisdiction. *Dolan v. U.S.*, 514 F.3d 587, 593 (6th Cir. 2008). This Court cannot extend the waiver of immunity beyond what Congress intended. *United States v. Kubrick*, 444 U.S. 111, 118 (1979). Because Section 2401(b) is a condition of the United States' waiver of immunity, it must be interpreted solely by reference to federal law.

To file an administrative claim under the FTCA, the litigant must (1) give written notice of a claim sufficient to enable the agency to investigate the claim; and (2) place a value (or 'sum certain') on the claim. *Glarner v. U.S. Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994); *see also* 28 U.S.C. § 2401(b); 28 U.S.C. § 2675 (citing *Sellers v. United States*, 870 F.2d 1098, 1101 (6th Cir. 1989); *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir. 1981)). The written notice can take various forms, including an SF95 form. *See Glarner*, 30 F.3d at 700.

Here, there is no suggestion in the complaint that Plaintiff has filed an administrative claim concerning the money order purportedly presented at one of Defendant's locations. Indeed, Defendant contends that its investigation discovered no record of Plaintiff having ever filed an administrative claim related to the allegations in the complaint. (*See* Doc. No. 8). The Court therefore lacks jurisdiction to entertain Plaintiff's claim.

## CONCLUSION

Accordingly, Defendant's motion to dismiss (ECF No. 8) is GRANTED and this action is DISMISSED. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Date: December 13, 2022

_____
CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE